IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RALPH RICHARD HILBURN, II,

　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　Case No. 22-CV-181-JFH-DES

WILLIAM RANKINS, Warden,

　Respondent.

## OPINION AND ORDER

Petitioner Ralph Richard Hilburn, II, a state prisoner appearing *pro se*,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Wagoner County, Case No. CF-2017-22. Dkt. No. 1. Respondent William Rankins moved to dismiss the petition on the basis that Hilburn failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Dkt. No. 9; Dkt. No. 10. Hilburn submitted a response in opposition to the motion. Dkt. No. 11. For the reasons discussed herein, the Court grants Rankins' motion and dismisses the petition.

## BACKGROUND

On October 10, 2017, Hilburn entered a plea of guilty in the District Court of Wagoner County, Case No. CF-2017-22 to one count of child sexual abuse in violation of Okla. Stat. tit. 21, § 843.5(E). Dkt. No. 10-1, at 1.[2] The state district court sentenced Hilburn to twenty-seven (27)

---

[1] Because Hilburn appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] The Court's citations refer to the CM/ECF header pagination.

years of imprisonment with all but the first seventeen (17) years suspended. *Id.* Hilburn did not move to withdraw his plea within ten (10) days of sentencing, a precondition to seeking direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA). Dkt. No. 10-2, at 4-5; *see Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Over three years later, on April 12, 2021, Hilburn filed an application for postconviction relief in the state district court, which the court denied on September 15, 2021. Dkt. No. 10-12; Dkt. No. 10-13. Hilburn did not appeal the determination to the OCCA.

Hilburn then initiated this federal habeas action on May 27, 2022, alleging that the state statute on which he was convicted is unconstitutionally vague and that the "State lacks jurisdiction within Indian Country." Dkt. No. 1 at 5, 7. Rankins contends that the petition must be dismissed due to the expiration of the limitations period governing Hilburn's claims.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the

judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

### A. The Applicable Limitations Period

Hilburn first invokes § 2244(d)(1)(D), claiming that he did not obtain the "key pieces of evidence until April 1, 2022," when he received his Certificate of Degree of Indian Blood membership card. Dkt. No. 1 at 13; *see* Dkt. No. 1-1 at 12, 24-25. Section 2244(d)(1)(D), however, concerns the discovery of the factual predicate of a habeas claim, not the acquisition of evidence. Hilburn does not allege that he was previously unaware of his membership in an American Indian tribe or that his membership could not have been discovered earlier through the exercise of due diligence. Accordingly, § 2244(d)(1)(D) does not afford Hilburn a later initiation date of the one-year limitations period.

Hilburn next argues that the "charged statute," Okla. Stat. tit. 21, § 843.5(E), constitutes an unconstitutional, state-created impediment. Dkt. No. 1 at 14. The Court liberally construes this argument as invoking § 2244(d)(1)(B). The impediment contemplated in § 2244(d)(1)(B), however, "must have actually prevented" the prisoner from filing his petition, and Hilburn fails to demonstrate that the existence of the state statute thwarted his ability to raise his federal habeas challenge earlier. *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020)[3]; *see Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, at *4 (W.D. Okla. Sept. 15, 2021) ("[E]xpected legal futility does not trigger a new start date under § 2244(d)(1)(B)."), *adopted*, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021). Accordingly, Hilburn has not shown that § 2244(d)(1)(B) is applicable to his claims.

---

[3] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Since Hilburn has failed to allege facts triggering 28 U.S.C. § 2244(d)(1)(B), (C), or (D), the one-year limitations period for his petition began to run pursuant to § 2244(d)(1)(A) on the date on which his conviction became final by the expiration of his time to seek direct review. Hilburn was afforded ten (10) days from October 10, 2017, the date of his judgment and sentence, to initiate a direct appeal by requesting the withdrawal of his guilty plea. *See* Okla. Crim. App. R. 4.2(A). Hilburn failed to do so, and his judgment therefore became final on October 20, 2017. The one-year limitations period for seeking federal habeas relief began to run the following day, on October 21, 2017, and expired one year later, on October 22, 2018.[4] Section 2244(d)(1)(A) therefore bars Hilburn's May 27, 2022, federal habeas petition absent statutory or equitable tolling or a showing of actual innocence. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

## B. Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired."). Hilburn's April 12, 2021, application for postconviction relief was filed over two (2) years after the expiration of the AEDPA's one-year

---

[4] One year from October 21, 2017, was Sunday, October 21, 2018. Because this date fell on a Sunday, the limitations period "continue[d] to run until the end of the next day that [was] not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Hilburn's deadline to seek federal habeas relief therefore expired on Monday, October 22, 2018.

limitations period and does not, therefore, trigger statutory tolling under § 2244(d)(2).[5]

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Hilburn states that he "diligently p[ur]sued his jurisdictional claims" but provides no facts or argument to support this assertion. Dkt. No. 1 at 13. Nothing in Hilburn's submissions indicates that he diligently pursued his claims or that extraordinary circumstances precluded the timely submission of his action. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)). Further, Hilburn has not argued or demonstrated that the untimeliness of his petition is excusable under the doctrine of actual innocence.

## CONCLUSION

Based on the foregoing, the Court GRANTS Rankins' motion to dismiss the petition [Dkt. No. 9]. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[5] Hilburn submitted various other filings in the state district court between February 2020 and April 2022, including an application for a writ of mandamus and a motion to vacate, set aside, or correct his sentence. Dkt. No. 10-2 at 5-8. Even if one or more of these filings could be construed as a properly filed application for state collateral review, none was filed within the one-year limitations period under § 2244(d)(1)(A). The filings, therefore, do not trigger the AEDPA's statutory tolling provision.

IT IS THEREFORE ORDERED that:

1. Respondent's motion to dismiss [Dkt. No. 9] is GRANTED;

2. The petition for writ of habeas corpus [Dkt. No. 1] is DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. A certificate of appealability is DENIED; and

4. A separate judgment shall be entered in this matter.

Dated this 13th day of July, 2023.

                                                  JOHN F. HEIL, III
                                                UNITED STATES DISTRICT JUDGE